# Richmond.

TUCKER V. TUCKER.

MARCH 20th, 1890.

JUDICIAL SALE—*Motion to set aside—Case at bar.*—In this case the land sold at a price above its assessed value, and the evidence failed to sustain the motion to set aside the sale for inadequacy of price, etc.

Appeal from decree of circuit court of Pittsylvania county, rendered December 13, 1888, in the chancery cause wherein William Tucker was complainant and Raleigh W. Tucker (the appellant) was defendant. Opinion states the case.

*R. H. Tredway* and *Rutherford & Page*, for the appellant.

*L. Scruggs*, for the appellee.

HINTON, J., delivered the opinion of the court.

This case is as follows: Pursuant to a consent decree entered in open court in this cause on the 11th day of June, 1888, a sale of one hundred and fifty-eight acres of land, lying in the county of Pittsylvania, and belonging to the appellant, R. W. Tucker, was sold for the payment of a debt due from him to his brother, William Tucker. In October, 1888, the commissioner reported that the purchaser, T. G. Anderson, had complied with the terms of sale. At November term, 1888, of the said court the appellant filed his petition in the cause, setting forth that the tract of land had been sold for an inadequate

price, and that by reason of inclement weather a goodly number of bidders had been kept away; and, finally, one Creasy, who had engaged with him that he would put in an upset bid at that term, had been bought off by the purchaser for $50, and that he (Tucker) had thereby been prevented from having an upset bid filed in the cause, and praying that the purchaser (Anderson) might be summoned to show cause why said sale should not be set aside and a resale be had. Accordingly the purchaser (Anderson) having been ruled to show cause against a resale, and failing to appear, the court, on the 13th December, 1888, entered a decree directing a resale, provided the defendant, or some one for him, should within forty days file with the clerk an upset bid of 10 per cent. advance on the amount of the former sale, and from this decree the defendant has appealed. But we see no merit in his application. There is no proof in the record worthy of consideration showing that any other probable bidder than Creasy was kept away from the sale, and he, as we have seen, has been bought off. And as to the alleged inadequacy of price, we doubt if it can be said to exist. It is true that there are in the record some affidavits of the friends and neighbors, saying that in their opinion the property was sold for an inadequate price, but they give no reasons for their faith, and we do not think that mere opinions ought to outweigh the fact that the land sold for $1 50 per acre more than it was assessed for. The decree is right, and must be affirmed.

DECREE AFFIRMED.